IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM ROBINSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:18CV117–HEH
)
J. FENNER, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Denying Without Prejudice Motions to Dismiss)

William Robinson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] Robinson contends that Defendants Officer J. Fenner ("Officer Fenner"), Captain Hurlock, Lieutenant Hansen, and Magistrate Condra Walker ("Magistrate Walker") violated Robinson's rights during his incarceration at the Prince William–Manassas Regional Adult Detention Center. For the reasons set forth below, this action will proceed on Robinson's Second Particularized Complaint (ECF No. 39).[2]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court utilizes the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Robinson's Second Particularized Complaint.

Defendants' Motions to Dismiss (ECF Nos. 33, 36),[3] which were filed before Robinson filed his Second Particularized Complaint, will be denied without prejudice. Robinson's claims against Magistrate Walker will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for failure to state a claim upon which relief may be granted.

## I. PROCEDURAL HISTORY

By Memorandum Order entered on June 12, 2018, the Court denied without prejudice Robinson's three motions to amend his complaint because Robinson had failed to submit a copy of the proposed amended pleading with his motions. (ECF No. 13, at 1 (citing *Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981).) However, because the allegations set forth in Robinson's Complaint failed to provide each defendant with fair notice of the facts and legal basis upon which each defendant's liability rested, the Court directed Robinson to file a particularized complaint that remedied this deficiency. (*Id.* at 2.)

Thereafter, Robinson filed his First Particularized Complaint. (ECF No. 14.) Shortly after filing his First Particularized Complaint, Robinson filed another motion to amend, seeking leave of Court to amend his First Particularized Complaint. (ECF No. 16.) By Memorandum Order entered on October 1, 2018, the Court denied Robinson's request to amend his First Particularized Complaint without prejudice because Robinson had failed to submit his proposed amended pleading with his motion.

---

[3] Counsel for Magistrate Walker filed two duplicative Motions to Dismiss. (ECF Nos. 28, 33.) Counsel filed the second Motion to Dismiss (ECF No. 33) to correct the attorney/client association that counsel had selected on CM/ECF when counsel filed the first Motion to Dismiss. As such, Magistrate Walker's first Motion to Dismiss (ECF No. 28) will be administratively terminated.

2

(ECF No. 18.) On October 5, 2018, Robinson again requested leave of court to amend his First Particularized Complaint. (ECF No. 19.) Robinson failed to submit his proposed amended pleading with his motion. The Court denied Robinson's request without prejudice in a Memorandum Order entered on October 24, 2018. (ECF No. 21.)

On November 1, 2018, the Court directed the Marshal to serve Defendants with the First Particularized Complaint. (ECF No. 24.) On December 11, 2018, Defendant Magistrate Walker filed a Motion to Dismiss. (ECF No. 33.) Defendants Officer Fenner, Captain Hurlock, and Lieutenant Hansen also filed a Motion to Dismiss on December 11, 2018. (ECF No. 36.)

On December 19, 2018, Robinson filed a Second Particularized Complaint. (ECF No. 39.) Subsequently, on December 26, 2018, Robinson filed an Opposition to Magistrate Walker's Motion to Dismiss (ECF No. 40),[4] a Motion to Appoint Counsel (ECF No. 41), and a Third Particularized Complaint (ECF No. 42). Thereafter, Defendants Officer Fenner, Captain Hurlock, and Lieutenant Hansen filed an Opposition to Robinson's Second Particularized Complaint and Third Particularized Complaint. (ECF No. 44.)

---

[4] Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Robinson did not respond to the Motion to Dismiss filed by Defendants Officer Fenner, Captain Hurlock, and Lieutenant Hansen.

3

## II. ANALYSIS

### A. Amendments and the Motions to Dismiss

With respect to amendments, the pertinent rule provides:

**(a) Amendments Before Trial.**
  (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
  (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
  (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). Here, Robinson filed his Second Particularized Complaint, which presents allegations against all of the previously named Defendants, within twenty-one days of Defendants filing their Motions to Dismiss.[5] (ECF No. 39.) Several days later, Robinson filed a Third Particularized Complaint, which he titled, "Particularized Complaint Lt. Hansen." (ECF No. 42.) The allegations in Robinson's Third Particularized Complaint are identical to the allegations against Lieutenant Hansen in Robinson's Second Particularized Complaint.

Because Robinson's Third Particularized Complaint is simply a fragment of the allegations in the Second Particularized Complaint and not a comprehensive amended complaint, the Court will not consider Robinson's Third Particularized Complaint. *See*

---

[5] The Court notes that, although Robinson previously amended his Complaint, his prior amendment was at the direction of the Court.

4

*Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981) (discussing that litigants may not spackle new allegations or defendants onto the original complaint). This action will proceed on Robinson's Second Particularized Complaint. (ECF No. 39.) The Court construes Robinson to raise the following claims for relief:

> Claim One: Officer Fenner (a) assaulted Robinson and used excessive force, (b) "falsely arrested [Robinson]," (c) "maliciously made false statements causing [Robinson] to be false[ly] imprisoned inside of the jail on TSL,"[6] and (d) "punished [Robinson] for being assaulted, all without due process." (ECF No. 39, at 1.)
>
> Claim Two: After Robinson was assaulted, Lieutenant Hansen "denied [Robinson] due process [by] not investigating [Robinson's] description of the events which were true enough that [he] was found not guilty of assault." (*Id.*)
>
> Claim Three: Captain Hurlock violated Robinson's right to due process and right to be free from cruel and unusual punishment when Captain Hurlock "had [Robinson] placed on TSL from the time of the incident 8–30–17 to 1–11–18." (*Id.* at 2.)
>
> Claim Four: Magistrate Walker "refused [Robinson's] criminal complaint" (*id.* at 4), which "denied [Robinson] access to the courts and due process of law." (*Id.* at 3.)

Defendants' Motions to Dismiss (ECF Nos. 33, 36), which were filed before Robinson filed his Second Particularized Complaint, will be denied without prejudice. Defendants shall have twenty (20) days to submit a further response to Robinson's Second Particularized Complaint.

---

[6] Robinson does not define the components of the acronym "TSL," but indicates that when placed on TSL, he was "housed on a higher security level." (ECF No. 39, at 7.)

5

## B. Court's Review Under 28 U.S.C. §§ 1915(e)(2) and 1915A

### 1. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. As such, the Court will review Robinson's Second Particularized Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.

In reviewing an action pursuant to the PLRA, the first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin

6

by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the

face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## 2. Claim Four

In Claim Four, Robinson contends that Magistrate Walker "refused [his] criminal complaint, stating that 'it already has been investigated,' but the truth of the matter is [Officer] Fenner's fabrication had been investigated. [Robinson] was and still [has] been denied due process to have [his] side heard and charges filed on [Officer] Fenner." (ECF No. 39, at 4.) However, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds, Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. This immunity extends to magistrates in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v.*

8

*Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance.

Robinson faults Magistrate Walker for the actions she took when she received his criminal complaint. (*See* ECF No. 39, at 2–4.) Robinson fails to allege facts that plausibly suggest that Magistrate Walker's actions were nonjudicial actions or that Magistrate Walker's actions were taken in complete absence of all jurisdiction. Thus, Magistrate Walker is entitled to absolute immunity. Accordingly, Robinson's claims against Magistrate Walker, which are set forth in Claim Four, will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### C. Robinson's Motion to Appoint Counsel

Robinson moves the Court for the appointment of counsel. (ECF No. 41.) Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Robinson's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Robinson's Motion to Appoint Counsel (ECF No. 41) will be denied without prejudice.

### III. CONCLUSION

The Motions to Dismiss (ECF Nos. 33, 36) will be denied without prejudice. Magistrate Walker's first Motion to Dismiss (ECF No. 28) will be administratively terminated. Robinson's claims against Magistrate Walker, which are set forth in Claim Four, will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for

9

failure to state a claim upon which relief may be granted. Robinson's Motion to Appoint Counsel (ECF No. 41) will be denied without prejudice. The action will proceed on Claims One (a), (b), (c), and (d), Two, and Three. Defendants Officer Fenner, Captain Hurlock, and Lieutenant Hansen shall have twenty (20) days to submit a further response to Robinson's Second Particularized Complaint.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug. 8, 2019
Richmond, Virginia